IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER ELEVEN
:
LAUBECK CORPORATION, d/b/a : BANKRUPTCY NO.: 5-01-bk-00686
LAUBENSTEIN MANUFACTURING :
COMPANY, a/k/a LAUBECK CORP., :
DIVISION OF CROSS MANUFACTURING :
:
DEBTOR-IN-POSSESSION :

# **OPINION**[1]

During the hearing on the Amended Plan of Reorganization, the Chapter 11 Trustee reported to the Court that after tabulation of both acceptances and rejections to the Amended Plan, it was determined that the Trustee did not have enough votes for automatic confirmation of the Amended Plan. Nonetheless, the Trustee argued that the Court could still confirm the Amended Plan under the dictates of 11 U.S.C. § 1129(b)(1) and, in that regard, he filed a Motion for Order Confirming Plan on the day of the hearing. Specifically, the Trustee drew our attention to the voting of the class three claimants consisting of the unsecured, non-priority creditors. In support of his position, the Trustee refers us to § 1129(b)(1) which provides, in its entirety, as follows:

> (b)(1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\5-01-bk-00686_Laubeck_Corp.wpd]

The Trustee argues that if the case is converted to a Chapter 7, the results of the distribution would not be any different than that proposed in the Amended Plan of Reorganization, and therefore, the Amended Plan does not discriminate unfairly and is both fair and equitable with respect to each of the claims or interests that is impaired under the Plan and which have not accepted the Plan.

While § 1129(b)(1) instructs that a court can confirm a plan even if paragraph (8) of that subsection is not met[2], all the other applicable requirements of subsection (a) of this section must also be met. 7 Collier on Bankruptcy ¶ 1129.03[8] at 1129-58 (15th ed. rev.)

Section 1129(a)(9) provides for the treatment of priority claims. Without setting forth the entire subsection in detail, in short, it requires distribution on the effective date of the plan to the holder of such claim cash equal to the allowed amount of such claim or deferred cash payments equal to the allowed amount of such claims.

The Trustee's Amended Chapter 11 Plan provides at Article 2 (Classification and Description of Claims and Interests), ¶ 2.2 (Class 2 Priority Claims), that Class 2 shall consist of the allowed claims of those creditors holding priority claims against the Debtor. That paragraph further reads that Class 2 claims are impaired. Article 3 (Treatment of

---

[2] 11 U.S.C. § 1129(a)(8):
   (a) The court shall confirm a plan only if all of the following requirements are met:
      (8) With respect to each class of claims or interests--
         (A) such class has accepted the plan; or
         (B) such class is not impaired under the plan.

Claims and Interests), ¶ 3.2 (Class 2 Unsecured Priority Claims), provides that "[a]ll funds of the estate, after payment of allowed Class 1 claims, shall be distributed pro rata to the holders of allowed Class 2 claims. Unsecured priority claims will be paid in the order of priority set forth in §507(a)." Furthermore, the Trustee's Amended Disclosure Statement at page 9 indicates that Debtor's Schedule E (Creditors Holding Unsecured Priority Claims) "listed approximately $220,000 in priority claims. The Trustee estimates that there will be approximately $80,000 to $90,000 available to pay priority claims and estimates a 30% dividend."

Based upon the provisions of both the Amended Disclosure Statement and Plan of Reorganization submitted by the Chapter 11 Trustee, I cannot find that all of the applicable requirements of subsection (a) of § 1129 have been met in respect to the Plan. I therefore decline to approve confirmation of the Chapter 11 Trustee's Amended Plan of Reorganization.

An Order will follow.

Date: October 12, 2007

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*